**UNITED STATES Of America,**
**Appellee,**

v.

**John DOE, aka Charles Edward**
**Robinson, Defendant–**
**Appellant.**

**No. 04–1973.**

United States Court of Appeals,
Second Circuit.

April 6, 2005.

---

Richard Palma, Law Office of Richard Palma, New York, New York, for Defendant–Appellant.

1. The Honorable Michael B. Mukasey, Chief Judge of the United States District Court for

Julian D. Schreibman, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York; Celeste L. Koeleveld, Assistant United States Attorney, on the brief) New York, New York, for Appellee.

Present: WESLEY, HALL, Circuit Judges, and MUKASEY, Chief District Judge.[1]

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court sentencing Doe to ten years' imprisonment be **VACATED** and **REMANDED** for resentencing by a district judge who has not previously dealt with this case.

Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues. After review of the district court judgment of conviction, we now VACATE and REMAND.

Doe was convicted of two counts of making false statements on passport applications, in violation of 18 U.S.C. § 1542. The Presentence Report (PSR) recommended a term of six to twelve months of imprisonment. At the time of sentencing Doe had already been incarcerated for approximately eighteen months. Thus, the PSR recommended that Doe be sentenced to "time served" and be released. Because Doe refused to divulge his true name, the district court upwardly departed to the statutory maximum of ten years.

Under *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and its interpretation of 18 U.S.C.

the Southern District of New York, sitting by designation.

§ 3742(e), we review sentencing for reasonableness. In light of the crime charged, the sentencing range recommended, Doe's lack of any provable criminal history,[2] and the district court's inadequate balancing of these factors against the perceived threat posed by Doe, the ten year sentence was unreasonable. While vexing and, as the Government has argued, potentially obstructive of the administrative processes for enforcement of our immigration laws, we find that Doe's refusal to divulge his identity does not justify the sentence imposed upon him.

■ As to Doe's Fifth Amendment argument, we note that Doe did not raise a Fifth Amendment argument below. Indeed, Doe's counsel stated at Sentencing that, "I don't think it unreasonable that the Court demand a person's identity so the Court can be in an adequate position to sentence them." Sentencing Transcript at 11. Accordingly, we review Doe's Fifth Amendment argument for plain error. The only fear of prosecution that Doe identified is deportation, which does not constitute criminal prosecution, and thus does not implicate the Fifth Amendment. *See United States v. Balsys*, 524 U.S. 666, 671, 118 S.Ct. 2218, 141 L.Ed.2d 575 (1998). Moreover, Fifth Amendment jurisprudence regarding the right to withhold one's name is far from clear when applied to Doe's situation, rendering Doe unable to clear the hurdle presented by plain error review. *See, e.g., Hiibel v. Sixth Judicial District Court of Nevada, Humboldt County*, 542 U.S. 177, 124 S.Ct. 2451, 2460–61, 159 L.Ed.2d 292 (2004).

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby VACATED AND REMANDED for resentencing in accordance with this order.

---

2. We note that while Doe has not divulged his name, his fingerprints have been checked by federal, New York State, and Jamaican authorities, all of whom indicate that Doe has no criminal history based on those fingerprint checks.